### In re FREE & KLINCK, Inc.
#### No. 28909.

District Court, E. D. New York.
Feb. 4, 1937.

Duberstein & Schwartz, of Brooklyn, N.Y., for Fort Greene Nat. Bank.

Julius Zizmor, of Brooklyn, N. Y., for trustee.

BYERS, District Judge.

This is a hearing on a petition to review the order of the referee dated December 31, 1936, by which the trustee was permitted to sell all the assets of the bankrupt free and clear of an alleged lien or claim by the Fort Greene National Bank.

The trustee seeks review because the referee resettled his original order bearing date of August 25, 1936, by including, in the recital of the papers upon which the motion was granted, an amended answer of the bank which was filed with the referee on or about April 10, 1936—some three months or so after hearings had been closed.

The order granting the trustee's motion was signed on August 25, 1936, and the bank filed a petition to review the same on September 2, 1936, and then made the motion to include the said amended answer in the record. Apparently the referee thought that the practice of the respondent was improper in this respect, but he concluded to grant the motion for the reason that the issues presented by the amended answer were substantially heard before him, even though new to the original pleading.

This petition to review will be denied, not because the bank's practice is thought to have been proper, but because the discretion of the referee, in thus permitting an amendment to the pleadings, seems not to require reversal in light of the provisions of Equity Rule No. 20 (28 U.S.C.A. following section 723). See General Order No. XXXVII (11 U.S.C.A. following section 53).

The bank seeks an order to reject and refer back the referee's certificate of review on the ground that it does not comply with the Bankruptcy Act and the General Orders. This is a criticism of a mat-

ter of form because the certificate contains forty-six findings of fact.

Section 39a(5), of the Bankruptcy Act [11 U.S.C.A. § 67(a) (5)], and General Order No. XXVII (11 U.S.C.A. following section 53) seem to have been complied with, and the motion will be denied.

In the alternative, the bank's motion is that the findings 1 to 46, inclusive, be stricken from the certificate. So much of the motion is also denied.

Finally, the bank seeks an order reversing the order as resettled, and this goes to the merits of the case.

In addition to his findings, there is in the record a report of the referee dated August 25, 1936, which contains a discussion of the facts and the law.

In order to pass upon the certificate and the report, it has been necessary to review the evidence taken before the referee and such of the exhibits as have been filed.

It is hard to state the issues tersely, but it may suffice to observe that the bank claims a special property, i. e., an equitable lien upon, a pledge of, or title to the merchandise in question, by virtue of a series of transactions entered into during the months of May, June, July, and August of 1935, which were the subject of extended testimony before the referee.

The difficulty of the bank's position is that it is lacking in clarity or consistency.

The record is replete with leading questions through the medium of which counsel sought to import his version of these various transactions, with but indifferent success so far as the testimony of the vice-president of the bank is concerned.

The referee's conclusion that all that was accomplished prior to August 8, 1935, on the part of the bank, was to secure itself as to past indebtedness, with the exception of two bills of goods (See Min. 1/9/36, page 13), is sustained by the evidence.

On the last-mentioned date all prior transactions were merged into or cancelled by a new arrangement which did not involve the advance of any new money by the bank.

The trust receipt argument fails because there was no recording or constructive possession on the part of the bank, nor, except as stated, was there any new money advanced by the bank to enable the bankrupt to acquire the merchandise.

The pledge argument fails because there was no possession on the part of the bank, which the law requires in order to constitute a valid and legal pledge of personal property.

The equitable lien argument fails because there was no appropriation of new funds advanced by the bank which created any special property, on the bank's part, in an identified res.

The merchandise which the trustee sold was bought by the bankrupt from its regular sources of supply, with its own funds, and the proceeds of sales from May until October of 1935, when bankruptcy supervened, were not segregated by the bankrupt as agent, pledgor or trustee for the bank.

While there are repeated references, in leading questions, to "accountings" from and after the execution of the so-called trust receipts, there is no supporting evidence thereof.

The somewhat belated testimony intended to support the claim of title to the merchandise, on the part of the bank, is necessarily to be contrasted with the terms of a letter to the bankrupt, in evidence, dated October 22, 1935, and bearing the signature of the vice-president who did the testifying; that letter states in plain English that the merchandise had been pledged as partial collateral, and must be segregated in the warehouse until the agent of the bank could take possession.

Of course, the bankrupt could not pledge the bank's property to it.

The motion for an order, judging and decreeing the bank to be entitled to the sum of $10,000.00 out of the sum realized on the sale of the bankrupt's merchandise, is denied.

Settle order.